## EARLES et al. v. GOMBER.

(Court of Appeals of District of Columbia. Submitted March 21, 1921. Decided May 2, 1921.)

### No. 1411.

1. Patents ☞106(2)—Testimony to support motion to amend preliminary statement as to date of invention must be convincing.

  A motion in interference proceedings under Patent Office Rules of Practice, rule 113, for leave to amend the preliminary statement, so as to claim an earlier date of invention, made after knowledge of the date claimed by the adverse party, will not be sustained, unless the testimony to support it is convincing and free from suspicion.

2. Patents ☞106(2)—Objection to delay in applying for reissue cannot be raised in interference proceedings.

  In interference proceedings between an applicant for an original patent and an applicant for reissue, the objections, that the reissue application sought to broaden the claims more than two years after the original patent was granted, and that it was for a different invention, are not available to the original applicant.

3. Patents ☞90(1)—Later inventor cannot claim patent, notwithstanding dedication by earlier inventor.

  Even if the prior inventor of the device, delaying to apply for reissue after placing the device on the market, is estopped by dedication to the public, that fact does not aid an adversary in interference proceedings, whose conception and exhibition to the public were subsequent to the other's.

Appeal from the Commissioner of Patents.

Interference proceeding between Fred E. Earles and another and George W. Gomber. From a decision of the Commissioner of Patents,

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

awarding priority of invention to Gomber, Earles and another appeal. Affirmed.

Joshua R. H. Potts and Brayton G. Richards, both of Chicago, Ill., for appellants.

E. G. Siggers, of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. Appeal from the decision of the Commissioner of Patents, awarding priority of invention to appellee Gomber, the senior party. The issue is in the following count:

"A fly-killing device, comprising a handle and the flap on said handle, formed of a perforated sheet of soft, flexible nonabrasive material."

[1] A patent was granted appellants April 2, 1918, upon an application filed May 29, 1915. Appellee is here on an application filed August 6, 1918, for the reissue of a patent granted November 23, 1915, on an application filed March 4, 1915. Appellants alleged conception and reduction to practice in 1912, and appellee alleged a date of 1910. The preliminary statement of appellants claiming the above date was filed September 20, 1918. On February 17, 1919, they filed a motion under rule 113 of the Rules of Practice of the Patent Office seeking to amend their preliminary statement to show conception and reduction to practice in 1904. We agree with the tribunals of the Patent Office that the evidence is wholly inadequate to sustain the motion. Testimony to support such a motion must be convincing and free from suspicion.

"It is always a suspicious circumstance in a case of interference that, after the claim of one of the parties has been fully disclosed and fixed as of a specified date, the other should then seek by amendment of his prelimi-. nary statement to show a date of invention different from that in the original statement and prior to it and to the date of his opponent. Amendment upon so important a point should not be allowed in such a case, unless it is shown that the interests of justice plainly demand it; for upon the determination of these dates it depends, in the majority of cases, which party is entitled to the patent, and a change of memory is comparatively easy, when self-interest dictates a different date." Parker v. Appert, 8 App. D. C. 270.

[2] Appellee's reissue application is assailed on the ground that it is barred by intervening rights, in that it seeks to broaden the claims more than two years after the original patent was granted and is for a different invention. These questions are not available in an interference proceeding. Norling v. Hayes, 37 App. D. C. 169.

[3] But it is contended that appellee is estopped under the rule announced in Chapman v. Wintroath, 252 U. S. 126, 40 Sup. Ct. 234, 64 L. Ed. 491. This contention is based upon alleged commercial exploitation of the invention by appellants in the years 1915 to 1918, and knowledge by appellee late in 1916 that such a device was on the market. Assuming that two years elapsed between the date when such knowledge came to appellee and the date of his reissue application, which is not satisfactorily established, it is conclusively shown that appellee had the invention on the market in large quantities early in 1915, at a date prior to appellants' filing date or their invasion of the market with the manufactured product. Appellee was the prior inven-

tor, and it was from him that the public first derived knowledge of the invention due to his placing it upon the market. In such circumstances, there is no hypothesis on which an award of priority to appellants could be justified. If appellee delayed too long in applying for reissue after placing the device upon the market, he might be barred by dedication to public use; but this is not available to appellants in this proceeding.

The decision of the Commissioner of Patents is affirmed.

Affirmed.

Mr. Justice HITZ of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice ROBB in the hearing and determination of this appeal.