## GEOPHYSICAL DEVELOPMENT CORPORATION et al. v. COE, Commissioner of Patents.

### No. 8209.

United States Court of Appeals for the District of Columbia.

Argued May 5, 1943.

Decided June 7, 1943.

4 15 U.S.C.A. § 79x(a).

276

Mr. Lawrence Koenigsberger, of Washington, D. C., with whom Mr. Sol. Shappirio, of Washington, D. C., was on the brief, for appellants.

Mr. E. L. Reynolds, U. S. Patent Office, of Washington, D. C., with whom Mr. W. W. Cochran, Solicitor, U. S. Patent Office, of Washington, D. C., was on the brief, for appellee.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

PER CURIAM.

The controversy here arises out of an interference proceeding in the Patent Office, instituted under the provisions of R.S. § 4904,[1] to determine priority of invention between parties claiming substantially the same invention. Appellants applied for a patent on a device for measuring radio activity. An interference was declared with the then pending application of one Neufeld, to which was subsequently added the later application of one Howell. The Office sustained in part a motion to dissolve as to Howell. Before any further steps were taken one Bender filed an application for a

reissue of a previous patent to include the same claims. The Office then included Bender in the interference. Thereupon appellants moved to dissolve as to Bender on the ground that his original failure to obtain claims corresponding with the interference counts was not the result of his inadvertence, accident, or mistake, but of his deliberate cancellation of all claims except those then patented to him. This, appellants say, barred Bender's right to renew the claims in a subsequent application. The Commissioner ordered that the motion be considered on the record in the Patent Office, but denied appellants' request to file interrogatories and take evidence in support of their contentions. To test this ruling appellants brought this suit in the District Court for an injunction to require the Commissioner to amend his decision so as to permit the filing of interrogatories and the taking of testimony. The Commissioner successfully moved to dismiss and this appeal followed.

The Commissioner insists, in support of his ruling, that the question of Bender's good faith is secondary to the determination of priority of invention, that proof of priority is essential to the granting of a patent, and that appellants were placed in interference for this sole purpose. Consequently, the Commissioner says, it is of no concern to appellants whether Bender in his original application deliberately cancelled his claims and thereby forfeited his rights, for that is a question the Office will deal with in its own good time, and the decision of which will neither help nor hurt appellants. For even if Bender is not entitled to make the claims, appellants are not entitled to a patent unless they establish priority.

Precisely this was decided by the Court of Customs and Patent Appeals in Ellis v. Maddox, 96 F.2d 308, 25 C.C.P.A., Patents, 1045. There it was held that the Examiner properly refused to consider, on the motion of the junior party to an interference, whether the senior party, an applicant for a reissue patent, was estopped by his conceded abandonment of claims in his prior application. The ground of the decision

[1] 35 U.S.C.A. § 52. "Interferences; determination of priority; issue of patent.

"Whenever an application is made for a patent which, in the opinion of the Commissioner, would interfere with any pending application, or with any unexpired patent, he shall give notice there-

of to the applicants, or applicant and patentee, as the case may be, and shall direct a board of three examiners of interferences to proceed to determine the question of priority of invention. And the Commissioner may issue a patent to the party who is adjudged the prior inventor."

was that the question was not one of priority, or one ancillary thereto, and hence not determinative of the rights of the junior party to the proceeding. Such questions, it is frequently said, are the concern alone of the public, to be considered *ex parte* by the Patent Office. Te Pas v. Geldhof, 112 F.2d 800, 27 C.C.P.A., Patents, 1265. We have similarly ruled in analogous cases. Earles v. Gomber, 50 App.D.C. 389, 273 F. 353; Frost v. Chase, 37 App.D.C. 179; and Norling v. Hayes, 37 App.D.C. 169.

In the light of these cases it must be considered that the Commissioner had full power to provide or not, and in such manner as he saw fit, for the settlement of such independent matters in interference proceedings. And this we recognized in Allen v. United States ex rel. Lowry, 26 App.D.C. 8, 17, where we said: "We cannot emphasize too strongly that, in our opinion, the statutes relating to interferences only provide that they shall be instituted for the sole purpose of determining priority of invention * * *. The Commissioner of Patents, under the authority given to regulate the proceedings in the Patent Office, is clothed with power to regulate all interlocutory proceedings in interference cases by rules not inconsistent with law."

The present regulation is not inconsistent with law, for admittedly there is no statute governing the Commissioner's discretion, nor, in the circumstances here, is it either unreasonable or arbitrary. Hearings confined to record facts are common in all judicial and quasi-judicial proceedings. From many points of view public interest might well be served if the Patent Office admitted testimony as to the invalidity of a patent application or the bad faith of the applicant in an interference proceeding, in order to conclude all controversial questions at one time. But where, as here, the issue is not one which appellants may raise of right, the question is for the Patent Office rather than the Court. The Commissioner says that motions such as this, when based on affidavits or testimony, are consistently refused consideration. Appellants dispute this, but in all of the cases from the Patent Office which they cite the motions were on grounds generally held to be ancillary to the question of priority.

 Certainly it is true that appellants, in order to establish their application, have the duty of showing both patentability and priority. And the order or method of doing this is clearly within the rule making powers of the Commissioner. Rule 95, Rules of Practice of United States Patent Office, 35 U.S.C.A. Appendix, provides that before an interference is declared it must be determined by the Patent Office that there is common patentable subject matter in the cases of the respective parties.[2] Once the interference is declared there is left for determination therein only the question of priority.

 The action of the Commissioner, therefore, in following the long established practice and refusing to examine this question except on the records in his own office was, we think, neither arbitrary nor unreasonable, and we are required to affirm the judgment.

Affirmed.

---

[2] Code Fed. Reg., Title 37, Sec. 1.95: "Before the declaration of interference it must be determined that there is common patentable subject matter in the cases of the respective parties. The issue must be clearly defined and be patentable to the respective parties, subject to the determination of the question of priority."