**CHRISTENSSON v. HOGDAL et al.**

No. 11320.

United States Court of Appeals District of Columbia Circuit.

Argued May 14, 1952.

Decided Sept. 25, 1952.

2. 45 U.S.C.A. § 151 et seq.

Roberts B. Larson, Washington, D. C., for appellant.

C. Willard Hayes, Washington, D. C., for appellee Stig Bertil Hogdal.

S. William Cochran, Washington, D. C., with whom E. L. Reynolds, Solicitor, United States Patent Office, Washington, D. C., was on the brief, for appellee John A. Marzall, Commissioner of Patents.

Before BAZELON, FAHY and WASH-INGTON, Circuit Judges.

WASHINGTON, Circuit Judge.

This is a patent interference case between two Swedish inventors, in which the immediate question is whether or not the District Court properly held that it was without jurisdiction of the cause, under 35 U.S. C.A. § 72a. The pertinent statutory provision reads:

"Upon the filing of a complaint in the United States District Court for the District of Columbia wherein remedy is sought under section 63 [R.S. § 4915] or [section] 66 [R.S. § 4918] of this title, *without seeking other remedy*, if it shall appear that there is an adverse party residing in a foreign country, * * * the court shall have jurisdiction thereof * * *." (Emphasis supplied.)

Specifically, the issue is whether or not plaintiff-appellant's bill sought "other remedy."

The complaint, filed in the United States District Court for the District of Columbia, sets forth two explicitly separate causes of action. In the first it is alleged that plaintiff-appellant's American patent application, although filed four years later than that of appellee Hogdal, is entitled to priority by virtue of certain Swedish applications of the parties, under the relation back provisions of R.S. § 4887, 35 U.S.C.A. § 32, and Public Law 690 of August 8, 1946, 60 Stat. 940, 35 U.S.C.A. § 101. The basis of the priority claim is that, under these provisions, plaintiff-appellant's application relates back to a Swedish application which antedates the earliest of Hogdal's Swedish applications available to him under the cited statutes. In the second cause of action it is alleged, without reference to priority, that Hogdal's interfering American patent is wholly invalid, because of the asserted failure of the application on which it was granted to meet the requirements of these same statutes. Without the benefit of the statutory provisions, it is contended, an American grant to Hogdal would be barred by the earlier Swedish applications.

The relief prayed evidently corresponds to the two causes of action: In the first two prayers, the court is asked to declare that plaintiff is entitled to priority and the issuance of a patent as first inventor of the subject matter of the interference, and to authorize and direct the Commissioner of Patents to award priority and to issue a patent. In separate prayers, numbered 3 and 4, it is requested that defendant Hogdal's patent be declared invalid and that "The defendant, the Commissioner of Patents, be authorized and directed to cancel from the records of the Patent Office the patent of the defendant, Hogdal, No. 2,427,-858, as invalid and void and as knowingly granted by the defendant, the Commissioner of Patents, contrary to the statutes of the United States, and in particular, Revised Statutes 4886, 4887 [35 U.S.C. §§ 31, 32] and Public Law 690 [35 U.S.C. § 101]."[1]

Because appellee Hogdal was a resident of Sweden and was not within the District of Columbia, plaintiff-appellant invoked the procedures for service of process set forth in 35 U.S.C.A. § 72a[2] and predicated the jurisdiction of the United States District Court for the District of Columbia on the provisions of that statute.[3]

---

1. Appellee Marzall, Commissioner of Patents, argues that under no circumstances can the Commissioner be "directed to cancel" a patent at the suit of a private litigant. It is immaterial to the issues involved in this appeal, however, that the relief available under prayers 3 and 4 may have been limited simply to a declaration of invalidity.

2. " * * * process shall, unless the adverse party or parties voluntarily make appearance, be issued against all of the adverse parties and served anywhere within the United States, except that process issued against parties residing in foreign countries pursuant to this section may be served by publication or otherwise as the court may direct."

3. Plaintiff-appellant contends that he need not rely for jurisdiction solely on 35 U.S.C.A. § 72a because personal service of a summons was made upon appellee Hogdal's attorney in the District of Columbia. Appellant maintains that, by accepting this service, the attorney subjected his client to the *in personam* jurisdiction of the District Court. But only where an attorney is expressly or impliedly authorized to accept service of process can his doing so bind his absent client and subject him to the personal jurisdiction of the local court. See Stone v. Bank of Commerce, 174 U.S. 412, 421 (1899); 5 Am. Jur. 313; Rule 4(d) (1), Fed.Rules Civ. Proc. 28 U.S.C.A. We find no evidence of such an authorization here. And, of course, the acceptance of the summons does not constitute a waiver of defects in the court's jurisdiction.

His complaint purported to rest exclusively on R.S. § 4915, 35 U.S.C.A. § 63.[4] But appellees contended that the second cause of action and prayers 3 and 4 sought relief beyond that available under this statute, and that the bill was therefore "seeking other remedy" within the meaning of 35 U.S.C.A. § 72a. Accordingly, they challenged the court's jurisdiction and moved that the bill be dismissed. This motion was granted. Thereupon, before judgment was entered, appellant requested leave to amend his complaint so as to strike out prayers 3 and 4.[5] This request was denied, the District Court being of the view that it was totally lacking in jurisdiction of the complaint as it stood and consequently without power to permit its amendment.

■ The question whether the District Court was correct in its initial ruling dismissing the complaint is one of some difficulty. Since suits under R.S. § 4915 are equitable and remedial in nature, we approach the problem with a desire to find within the section a sufficient measure of judicial power to achieve fulfillment of the statutory purposes.[6] In the present case, however, we think the statute's bounds have been exceeded. The relief sought in prayers 3 and 4—the voiding of a patent—is not mentioned in R.S. § 4915; it is, on the other hand, expressly available under R.S. § 4918, 35 U.S.C.A. § 66. This relief is here sought on grounds entirely independent of the validity of the plaintiff's application or the priority of his invention, the matters which may properly be urged under R.S. § 4915. Cf. Geophysical Development Corp. v. Coe, 1943, 78 U.S. App.D.C. 39, 136 F.2d 275. Christensson claims in his second cause of action that Hogdal's patent was invalidly issued regardless of its priority; he relies solely on Hogdal's alleged failure to comply with the provisions of Public Law 690, 35 U.S. C.A. § 101. His request that Hogdal's patent be invalidated is thus beyond the scope of R.S. § 4915.[7]

■ But even though the complaint was defective because it sought "other relief," and though we may further assume that under 35 U.S.C.A. § 72a this defect

4. R.S. § 4918, 35 U.S.C.A. § 66, the other statute referred to in 35 U.S.C.A. § 72a, was not invoked to support appellant's bill. R.S. § 4915, 35 U.S.C.A. § 63, provides in pertinent part:
"Whenever a patent on application is refused by the Board of Appeals or whenever any applicant is dissatisfied with the decision of the board of interference examiners, the applicant * * * may have remedy by bill in equity, if filed within six months after such refusal or decision; and the court having cognizance thereof * * * may adjudge that such applicant is entitled, according to law, to receive a patent for his invention, as specified in his claim or for any part thereof, as the facts in the case may appear. And such adjudication, if it be in favor of the right of the applicant, shall authorize the commissioner to issue such patent on the applicant filing in the Patent Office a copy of the adjudication and otherwise complying with the requirements of law."

5. Appellee Hogdal complains that the request for leave to amend was insufficient in that it was not made by formal motion, with time to reply, file memoranda, and so on. The request, however, was made in open court in the presence of counsel for appellee, and appellee was put on notice of the nature and purpose of the request. The objection which appellee now raises was not urged in the District Court, and we think at this stage it lacks merit. The further objection that leave to amend was not asked until after the trial court announced its ruling for dismissal is likewise untenable. 3 Moore's Federal Practice 838–40 (2d Ed. 1948).

6. Cf. Continental Distilling Corp. v. Old Charter Distillery Co., 1950, 88 U.S.App. D.C. 73, 188 F.2d 614, a trade-mark case under R.S. § 4915, where the plaintiff sought to protect his own registration from being cancelled; this court held that injunctive relief against cancellation was properly sought under the rule in U. S. ex rel. Baldwin Co. v. Robertson, 265 U. S. 168, 44 S.Ct. 508, 68 L.Ed. 962.

7. See Heston v. Kuhlke, 6 Cir., 1950, 179 F.2d 222, 226, affirming D.C.N.D.Ohio 1949, 81 F.Supp. 913; MacGregor v. Chesterfield, D.C.E.D.Mich.1929, 31 F.2d 791, followed and approved in Heidbrink v. McKesson, 6 Cir., 1931, 53 F.2d 321; also Illingworth v. Atha, C.C.D.N.J.1890, 42 F. 141, 144; Smith v. Carter Carburetor Corp., 3 Cir., 1942, 130 F.2d 555, 560.

was jurisdictional,[8] it does not follow that the District Court lacked power to permit the amendment which Christensson requested. Technical defects in jurisdiction have long been subject to correction in the course of judicial proceedings. See Conolly v. Taylor, 1829, 2 Pet. 556, 564, 27 U.S. 556, 564, 7 L.Ed. 518 (per Marshall, C. J.). The modern rule is liberal in permitting the amendment of pleadings to show that the court has jurisdiction. See 3 Moore's Federal Practice 836–38 (2d Ed. 1948). The same is true of amendments which work a change in the relief prayed, at least where the scope of relief is diminished and where the defendant suffers no prejudice. U. S. Casualty Co. v. District of Columbia, 1939, 71 App.D.C. 92, 103–104, 107 F.2d 652, 663–664. In the case before us we fail to see how the striking of prayers 3 and 4 could have prejudiced the defendant.

The case for granting the requested amendment is strengthened upon consideration of the purpose of the statute here involved. 35 U.S.C.A. § 72a was evidently designed to permit suits in the District of Columbia where the necessary parties defendant could not otherwise all be brought together in any single Federal district court, because they resided in different states or in a foreign country. The statute lays down the conditions under which venue in the District of Columbia is proper and provides means for subjecting absent parties to the District Court's *in personam* jurisdiction. The restriction invoked by appellees appears to be no more than a condition on the right to bring an action under R.S. § 4915 in the District of Columbia and to invoke service by publication. That condition was presumably imposed so as to prevent abuse of the procedures provided for by 35 U.S.C.A. § 72a—for example, joining a claim for relief under R.S. § 4915 with a claim for money damages for infringement.[9] No such abuse has been shown here, nor has any reason been offered why, as a matter of substantial justice, an amendment designed to produce unquestionable conformity with 35 U.S.C.A. § 72a would be improper.

It is urged that the motion came too late because the statute of limitations had by that time run against the maintenance of any action under R.S. § 4915. But, under Rule 15(c) of the Federal Rules of Civil Procedure, "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." An amendment of the nature sought here, which would cut down rather than expand the claims for relief set forth by the plaintiff, is certainly entitled to the benefit of Rule 15(c) if any type of amendment is.

For these reasons, the judgment of the District Court will be

Reversed, and the cause remanded for proceedings not inconsistent with this opinion.

8. Cf. Shell Development Co. v. Universal Oil Products Co., 3 Cir., 1946, 157 F.2d 421; Klumb v. Roach, 7 Cir., 1945, 151 F.2d 374, 377, 380; Robinson v. Wayne, 1943, 78 U.S.App.D.C. 15, 136 F.2d 767.

9. The possibility that a default judgment for damages would be entered against a defendant served by publication may well have been the principal hazard which Congress was trying to obviate by the insertion of the phrase "without seeking other remedy" in section 72a. The legislative history, however, is of little aid on the point. See Hearings Before the Committee on Patents, H. of Representatives, 69th Cong., 1st Sess., on H.R. 6252 and H.R. 7087, Feb. 4, 1926.