### PURE OIL CO.
v.
### SOCONY–VACUUM OIL CO., Inc.
et al. (two cases).
Nos. 11867, 11868.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 15, 1954.

Decided April 22, 1954.

Mr. Edward H. Lang, Chicago, Ill., with whom Mr. Bernard F. Garvey, Washington, D. C., was on the brief, for appellant.

Mr. Richard K. Stevens, Washington, D. C., with whom Mr. Robert E. Watkins, Washington, D. C., was on the brief, for appellee Socony-Vacuum Oil Co., Inc.

Messrs. Edward B. Beale, Washington, D. C., and Herbert L. Shepard, Emeryville, Cal., entered appearances for appellee Shell Development Co.

Messrs. E. L. Reynolds and Clarence W. Moore, United States Patent Office, Washington, D. C., entered appearances for appellee Robert C. Watson, Commissioner of Patents, and filed a memorandum at the request of the Court.

Before WILBUR K. MILLER, BAZELON and WASHINGTON, Circuit Judges.

WASHINGTON, Circuit Judge.

These are appeals from judgments rendered by the District Court in two cases brought under Rev.Stat. § 4915 [1] against the Pure Oil Company, which had been awarded a patent by the Patent Office for an invention in the treatment of hydrocarbon oils, after interference proceedings there. Plaintiff in one case was

[1]. Suit was brought under Rev.Stat. § 4915 (1875), as amended, 35 U.S.C. § 63 (1946). That section was repealed by Section 5, Act of July 19, 1952, c. 950, 66 Stat. 815, and is now replaced by 66 Stat. 803, 35 U.S.C.A. §§ 145, 146.

the Shell Development Company. Plaintiff in the other was the Socony-Vacuum Oil Company, Inc. As both cases involved the same claimed invention, they were consolidated for trial. After a hearing, the District Court adjudged that Socony was entitled to a patent covering the invention. The complaint in the Shell case was dismissed. Shell Development Co. v. Pure Oil Co., D.C.1953, 111 F.Supp. 197. The Pure Oil Company appeals from the judgments in both cases, as both were adverse to it in substance. Shell has not appealed.

■ The opinion of the District Court discloses the governing facts, and we need not repeat them here. After reviewing the record, we are satisfied that the court was correct in its holding that Cauley, assignor to Socony, was the first inventor.

Appellant Pure Oil must therefore fail in its main contention—that its assignor Bond was the first inventor. But appellant further contends that in any event the District Court exceeded its jurisdiction when it made certain of its findings of fact and conclusions of law. Those in controversy are as follows:[2]

Findings of Fact:

"19. Bond and Russell, assignors to defendant The Pure Oil Company, are co-inventors of the subject matter of the single count here in issue irrespective of the disclaimer filed by Russell in the Patent Office and the disclaimer dated January 20, 1953.

"20. Bond and Russell, as co-inventors, probably conceived the invention defined by the single count here in issue on or about January 17, 1944.

* * * * * *

"24. A man skilled in the art of treating gasoline with T.A.C. Report GPG-1 before him could deduce or derive from the information contained therein the invention defined by the single count in issue in this action."

Conclusions of Law:

"1. The invention defined by the single count here in issue is not patentable to Zublin (assignor to defendant Shell Development Company) or to Bond (assignor to defendant The Pure Oil Company) or to Bond and Russell in view of prior inventions and scientific publications, particularly T.A.C. Report GPG-1."

■ Pure Oil says, in challenging Findings of Fact numbered 19 and 20, that a plaintiff in a civil action under Rev.Stat. § 4915 cannot succeed merely on the basis of defects in the inventorship of its adversary's application or patent.[3] That proposition is correct, so far as it goes. But this does not mean that where an issue of priority of invention is raised as between parties before the court, the latter cannot properly decide the status of those parties and their assignors, both as to time of invention and as to the nature of the inventorship. In this case, the court was not deciding against Pure Oil because Russell and Bond were joint inventors,[4] but because they were not the first inventors. Cauley was found to be the first inventor, and his assignee was awarded

---

2. As entered in the Socony case, No. 11,868 in this court and No. 2434-51 in the District Court. Identical findings and conclusions were entered in the Shell case, No. 11,867 in this court and No. 2776-51 in the District Court, being designated as Findings of Fact numbered 17, 18 and 22, respectively, and Conclusion of Law numbered 1.

3. Citing Christie v. Seybold, 6 Cir., 1893, 55 F. 69, 78; Cleveland Trust Co. v. Berry, 6 Cir., 1938, 99 F.2d 517, 521;

Smith v. Carter Carburetor Corp., 3 Cir., 1942, 130 F.2d 555, 560; and Christensson v. Hogdal, 1952, 91 U.S.App.D.C. 251, 253-254, 199 F.2d 402, 405.

4. "The misjoinder or nonjoinder of joint interventors shall not invalidate a patent, if such error can be corrected as provided in this section. The court before which such matter is called in question may order correction of the patent * * *." 35 U.S.C.A. § 256.

judgment by reason of that priority. Accordingly, the court could properly enter Findings 19 and 20, though there may have been no necessity for so doing in view of its decision in favor of Cauley.

■■ As to Finding of Fact 24, Pure Oil argues that this finding, assuming it to be based on evidence, does not establish inventorship on the part of Cauley. "The fact that the GPG–1 report," it says, "might support the *rejection* of the claim to Pure or Shell is no basis for concluding that it *supports* the allowance of the claim to Socony," citing In re Stoll, 1947, 161 F.2d 241, 34 C.C.P.A., Patents, 1058. But the court did not base its finding of priority on the part of Cauley solely—or even substantially—on the GPG–1 report. Its opinion shows that it had other grounds for that conclusion. 111 F.Supp. at page 201 et seq. We think those grounds were sufficient. We think, too, that Finding 24 was ancillary to the matters before the court, and thus within its authority to enter. It also appears to be well grounded in the evidence.

■ As to Conclusion of Law 1, we likewise think that the court was within its authority. Zublin was assignor to Shell; Bond and Russell were assignors to Pure Oil. Shell and Pure Oil were before the court as parties litigant— Shell as a plaintiff, Pure Oil as defendant. Zublin, Bond and Russell were not technically parties. But it was to them that their assignees had to trace their rights. The nature and extent of their claimed rights had to be determined in order to reach a decision in the case. Under the doctrine of Hill v. Wooster, 1890, 132 U.S. 693, 10 S.Ct. 228, 33 L.Ed. 502, the court could not properly hold that a plaintiff under Rev.Stat. § 4915 (here, Zublin's assignee) was entitled to a patent unless it could make an affirmative finding that the claim was patentable. Likewise, if the court found the claim unpatentable, it could not grant the relief sought. A holding that the claim was unpatentable to Zublin was

therefore a proper part of the decision by the court denying him (through his assignee) the requested relief.

Is the situation different as far as concerns Bond and Russell, assignors to Pure Oil? They were in the position of defendants, not of plaintiffs. A strong argument can be made that they are situated differently from Zublin: that the court should not do more than decide the bare issue of priority, and not undertake to state that Bond and Russell had no patentable claim. Our decision in Christensson v. Hogdal, 1952, 91 U.S. App.D.C. 251, 199 F.2d 402, is cited to us in this connection. That case, however, is not controlling here.

The Christensson case arose under a statute which permitted suits in the District of Columbia against distant parties only where "remedy is sought under section 63 [Rev.Stat. § 4915] * * * without seeking other remedy * *."[5] Suit was there brought solely in reliance on Rev.Stat. § 4915. We held that the complaint sought "other remedy" because it included a prayer seeking a declaration that the defendant's patent was void by reason of the fact that he had not complied with certain statutory provisions when he obtained it. We said that the relief asked—the voiding of a patent— was sought on grounds "entirely independent of the validity of the plaintiff's application or the priority of his invention, the matters which may properly be urged under R.S. § 4915." 91 U.S.App. D.C. at page 253, 199 F.2d at page 405.

■ Our decision in Christensson, barring extraneous issues in suits brought solely under Rev.Stat. § 4915, does not mean that a court cannot decide every aspect of the issue of priority, once that issue is properly before it. Here we interpret Conclusion of Law 1 as being limited entirely to priority. It means, as we read it, that the claim is not patentable to Bond and Russell (and hence Pure Oil) because they were anticipated by "prior inventions and scientific publications, particularly T.A.C. Report

---

5. Formerly 35 U.S.C. § 72a. A comparable provision is found in 35 U.S.C.A. § 14~.

■■■

GPG–1." Such a holding was within the court's authority to make, as part of its decision on the issue of priority between the parties.[6]

For these reasons, the judgments of the District Court must be

Affirmed.

---

6. Our conclusion in this regard would seem to be supported by a provision to be found in Section 135 of the Patent Act of 1952, to the effect that "A final judgment adverse to a patentee from which no appeal or other review has been or can be taken or had shall constitute cancellation of the claims involved from the patent, and notice thereof shall be endorsed on copies of the patent thereafter distributed by the Patent Office." 35 U.S.C.A. § 135. The quoted language would appear to be applicable to a suit of the present sort, though we need not pass on the point. It is enough to say that if a final judgment adverse to a defendant in a suit under Rev.Stat. § 4915 (now 35 U.S. C.A. §§ 145, 146), is to have the drastic effect prescribed by the quoted provision, it would certainly seem appropriate for the trial court to include in its conclusions of law a holding that the defendant's claim lacks priority.