**Phyllis TAYLOR, Appellant,**

v.

**Peter BECKAS, Appellee.**

**No. 21954.**

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 5, 1969.

Decided Jan. 22, 1970.

Mr. T. Emmett McKenzie, Washington, D. C., submitted on the brief for appellant.

Mr. Ralph Stein, Washington, D. C., submitted on the brief for appellee.

Before McGOWAN, ROBINSON and ROBB, Circuit Judges.

ROBB, Circuit Judge:

The District of Columbia Court of General Sessions dismissed the appellant's complaint for lack of jurisdiction. The District of Columbia Court of Appeals affirmed without opinion, citing Fox v. Shannon & Luchs Co., 236 A.2d 60 (D.C.App.1967). We reverse.

The appellant's complaint was based on an alleged assault and demanded ac-

---

tual damages in the sum of $10,000 and punitive damages in a like amount. This aggregate claim for $20,000 put the cause of action beyond the reach of the Court of General Sessions, since by statute its jurisdiction is limited to cases "in which the claimed value of personal property or the debt or damages claimed does not exceed the sum of $10,000, exclusive of interest and costs." D.C.Code § 11–961 (1967). As one defense the answer to the complaint denied that the court had jurisdiction, "the amount claimed being beyond the jurisdictional limits of this Court". At a pretrial hearing eighteen months after the answer was filed the trial judge dismissed the complaint for lack of jurisdiction and denied plaintiff's oral motion for leave to amend her complaint by reducing the *ad damnum*. Although the record is not entirely clear it appears that the trial judge denied the motion upon the theory that he had no discretion to permit the amendment.[1]

In Fox v. Shannon & Luchs Co., 236 A.2d 60 (D.C.App.1967), cited by the District of Columbia Court of Appeals as the basis for its ruling, that court affirmed the dismissal of a complaint and the denial of leave to amend where the damages alleged were in excess of $10,-000. The majority opinion rejected the argument that General Sessions Rule 15,[2] providing that leave to amend will be freely given, should be applied. The court held that this rule was inapplicable when the trial court had no jurisdiction over the subject matter, and that "since the total amount sought exceeded the

court's jurisdictional limit, the case was properly dismissed on that ground." (236 A.2d 61). The rationale of the decision may be expressed in a syllogism: a court without jurisdiction cannot act; the complaint did not give the court jurisdiction; therefore the court was without power to allow the amendment. One judge dissented, citing Christensson v. Hogdal, 91 U.S.App.D.C. 251, 199 F. 2d 402 (1952).

Christensson v. Hogdal was a patent interference case. The plaintiff sought a remedy under a statute (35 U.S.C.A. § 72(a)) which limited the court's jurisdiction to complaints brought under a specific statutory provision (R.S. 4915) "without seeking other remedy". Of the four counts in the complaint, two sought a remedy under R.S. 4915 and two sought an alternative remedy; therefore the court lacked jurisdiction. The question on appeal was whether the District Court erred in denying plaintiff's motion to amend the complaint by eliminating the alternative counts. We held that the court erred. Assuming that the defect in the complaint was jurisdictional we said (91 U.S.App.D.C. 254, 199 F.2d 406):

"The modern rule is liberal in permitting the amendment of pleadings to show that the court has jurisdiction. See 3 Moore's Federal Practice 836–38 (2d Ed. 1948). The same is true of amendments which work a change in the relief prayed, at least where the scope of relief is diminished and where the defendant suffers no preju-

---

1. The court granted the plaintiff leave "to file brief establishing that the court has discretion to permit a reduction of the ad damnum to bring the case within the jurisdictional limits of the court." Briefs on the point having been filed the court adhered to its ruling dismissing the complaint for lack of jurisdiction.

2. Rule 15
   "(a) *Amendments.* A party may amend his pleadings once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been set

for trial, he may so amend it at any time within 10 days after it is served. Otherwise a party may amend his pleading only by leave of Court or by written consent of the adverse party; and leave shall be freely given when justice so requires. * * *
   "(c) *Relation Back of Amendments.* Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. * * *"

dice. U. S. Casualty Co. v. District of Columbia, 1939, 71 App.D.C. 92, 103–104, 107 F.2d 652, 663–664. In the case before us we fail to see how the striking of prayers 3 and 4 could have prejudiced the defendant."

Finn v. American Fire & Casualty Co., 207 F.2d 113 (5th Cir. 1953) also deals with a court's power to act, although because of defects in the complaint it has no jurisdiction over the cause of action alleged. In that case there had been a trial and a verdict for the plaintiff. When it appeared that the diversity of citizenship necessary to confer jurisdiction had not been present, the Supreme Court remanded the case to the District Court which then allowed dismissal of the suit against the one resident defendant. The District Court then granted a new trial, reasoning that the earlier trial and verdict were void because the presence of the resident party had completely deprived the court of jurisdiction. On appeal from the order granting a new trial the Circuit Court of Appeals reversed, holding that the trial judge had misconceived the law. The Circuit Court of Appeals said (207 F.2d 115):

> "Prior to the amendment, federal jurisdiction was imperfect or defective, but it was not wholly lacking. The district court had jurisdiction to determine its own jurisdiction, to order the pleadings recast and the parties realigned according to their real interests * * *. After the judgment was vacated and federal jurisdiction was perfected by amendment of the pleadings, we think that the plaintiff was fairly and justly entitled to a new judgment on the old verdict."

The Federal Rules of Civil Procedure "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." United States v. Houghham, 364 U.S. 310, 317, 81 S.Ct. 13, 18, 5 L.Ed.2d 8 (1960), quoting from Conley v. Gibson, 355 U.S. 41, 48, 78 S.

Ct. 99, 2 L.Ed.2d 80 (1957). The rules of the Court of General Sessions reflect the same philosophy. Applying these principles and the reasoning of the *Christensson* case we must reject the strict analytical approach of Fox v. Shannon & Luchs Co. and hold that it was within the discretion of the Court of General Sessions to permit the amendment of the appellant's complaint. As the Supreme Court said in Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), with respect to Rule 15(a) Fed.R.Civ.P.:

> "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), ¶¶ 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules. * * *"

See also John M. Peters Construction Co. v. Marmar Corporation, 329 F.2d 421 (6th Cir. 1964); Breier v. Northern California Bowling Proprietors' Association, 316 F.2d 787, 790 (9th Cir. 1963); Stern v. Beer, 200 F.2d 794 (6th Cir. 1952); Roberson v. Bitner, 218 F.Supp. 764 (E.D.Tenn.1963). See further 28 U.S.C. § 1653, providing that "defec-

tive allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

The order of the Court of General Sessions was apparently an "outright refusal" to grant the leave to amend upon the ground that the court had no power to act. This we hold was error. The court had the power to grant the appellant's motion, and in the absence of any "justifying reason" appearing for its denial the motion should have been granted. On the record before us we intimate no opinion as to whether such a "justifying reason" existed. This is a question to be decided in the first instance by the Court of General Sessions, in the exercise of its sound discretion and in the light of all the "underlying facts and circumstances" which may appear.

We reverse the judgment of the District of Columbia Court of Appeals with directions to remand the case to the Court of General Sessions for further proceedings in accordance with this opinion.

Reversed and remanded.