**DISTRICT OF COLUMBIA, Appellant,**

v.

**Frederick VAN NUYS, Appellee.**

**No. 5863.**

District of Columbia Court of Appeals.

Argued Aug. 23, 1971.

Decided Oct. 26, 1971.

Leo N. Gorman, Asst. Corp. Counsel, with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for appellant.

Peter Weisman, Washington, D. C., for appellee.

Before FICKLING, GALLAGHER and REILLY, Associate Judges.

PER CURIAM:

This is an appeal by the government from a judgment dismissing an information charging disorderly congregating in a public thoroughfare after denying a motion to amend the information. The proposed amendment was to add "by sitting with others in the roadway", a necessary allegation to describe the conduct of the defendant with particularity.

Before deciding whether to permit the government to amend the information at the outset of the trial, the court required the police officer to testify on "voir dire" concerning the circumstances of the arrest. The examination and cross-examination of the officer went essentially to the officer's credibility and progressed to a point bordering on a trial on the merits of the offense being charged. During the course of this the trial court concluded that the officer had given inconsistent testimony in regard to the procedure followed in connection with some of the mass arrests made that afternoon at the location involved. After pressing the witness on this point, the court made intemperate remarks concerning his credibility, denied the motion to amend and dismissed the information.

█ Under Rule 7(e) of the trial court's Criminal Rules it is provided that the court "may permit an information to be amended * * * if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." This rule is properly construed as permitting "amendment of an information at any time before verdict or finding provided only that no additional or different offense is charged and that the substantial rights of the defendant are not prejudiced. Leave of court is required in order that the court may protect the defendant against any possibility of prejudice." 1 C. Wright, Federal Practice and Procedure § 128 (1969).

█ In the circumstances of this case, it was an abuse of discretion to deny the motion to amend the information and, consequently, it was then error to dismiss the information. Additionally, while the trial judges may have been under unusual pressure in processing the multiplicity of cases arising, as this one did, out of the recent so-called May Day demonstrations, nevertheless it was unseemly to characterize the police officer as the trial judge did in this case. Furthermore, barring unusual cir-

cumstances not here presented, it would appear inappropriate to conduct a hearing on the credibility of the expected testimony underlying an allegation contained in a proposed amendment, as was done here, before deciding whether to permit an amendment of an information. Ordinarily, the only pertinent questions are whether a proposed amendment would charge a different offense or prejudice substantial rights of the defendant. Rule 7(e), *supra*.

A trial of the defendant should be before another judge.

Reversed with instructions to reinstate the information.