**In the Matter of J. R. G.**

**No. 6853.**

District of Columbia Court of Appeals.

Argued March 21, 1973.

Decided June 8, 1973.

Leo N. Gorman, Asst. Corp. Counsel, Washington, D. C., with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellant.

Melba Ridley Wright, Washington, D. C., appointed by this court, for appellee.

Before FICKLING, NEBEKER and PAIR, Associate Judges.

PAIR, Associate Judge:

The government appeals [1] from an order entered in the Family Division of the Superior Court dismissing for lack of jurisdiction a petition alleging that J. R. G., a child, committed certain delinquent acts as defined in D.C.Code 1972 Supp., § 16–2301(7). Upon consideration of the record, briefs and oral argument, we reverse.

The petition filed November 2, 1971, alleged that on November 1, 1971, the child stole letters from two mailboxes in violation of 18 U.S.C. § 1708 (1952). On March 7, 1972, the District of Columbia moved, pursuant to D.C.Code 1972 Supp., § 16–2305(e), and Super.Ct.Juv.R. 7(e), to amend the petition so as to charge the child with receiving stolen property, a violation of D.C.Code 1967, § 22–2205.

While the motion to amend was pending,[2] the child, on March 23, 1972,

---

1. D.C.Code 1972 Supp., § 11–721(a)(1).

2. The motion to amend sought to achieve no more than the government could have

moved to dismiss the petition urging that the Family Division of the Superior Court lacked jurisdiction to entertain any petition alleging a violation of federal law.[3]

Some six months thereafter the court, without acting on the motion to amend, entered an order dismissing the petition for lack of jurisdiction, saying in a footnote that "the Court cannot now consider the Government's Motion to Amend the Pleadings to allege a D.C.Code offense.

The disposition entered by the court appears to have been based upon the reasoning (1) that, faced with a motion to dismiss, the court had no jurisdiction to consider the motion to amend the petition so as to charge a District of Columbia offense, or (2) that having granted the motion to dismiss there was no jurisdiction and, therefore, no discretion in the court to grant the motion to amend and retain jurisdiction. This was erroneous. Taylor v. Beckas, 137 U.S.App.D.C. 417, 418, 424 F. 2d 905, 906 (1970). The court had jurisdiction to determine its own jurisdiction and, to this end, to order that the allegations in the petition be recast. Assuming, *arguendo,* that the jurisdiction of the court was questionable, certainly it was not wholly lacking.[4]

The statute, D.C.Code 1972 Supp., § 16–2305(e), much like the federal rules, "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept[s] the principle that the purpose of pleading is to facilitate a proper decision on the merits." United States v. Hougham, 364 U.S. 310, 317, 81 S.Ct. 13, 5 L.Ed. 2d 8 (1960), quoting from Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).[5]

The rules of the Superior Court reflect the same philosophy, and we hold it was within the discretion of the court to permit the amendment of the petition.

It is beyond question that the government may move to amend a petition at any time prior to the conclusion of a fact-finding hearing. *See* D.C.Code 1972 Supp., § 16–2305(e). *See also* Super.Ct. Juv.R. 7(e) and *compare with* Super.Ct. Crim.R. 7(e). Both the Juvenile Rule and the Criminal Rule serve the same function, *i. e.,* to inform the individual against whom the complaint is made of the precise nature of the alleged offense. *See* Robles v. United States, D.C.Mun.App., 115 A.2d 303, 306 (1955). Here, of course, the motion to amend was made prior to any fact-finding hearing. *See* District of Columbia v. Van Nuys, D.C.App., 282 A.2d 550, 551 (1971).

True it is that the statute vests in the trial court discretion whether to permit the amendment of any petition filed in the Family Division. The inescapable fact is, however, that the statute not only contemplates, but requires, that the court exercise its discretion, and the court's failure to do so in this case was clearly error requiring reversal. As the Supreme Court said in

accomplished in any event by dismissing the petition and filing a new petition alleging acts of petit larceny or receiving stolen property, violations of D.C.Code 1967, §§ 22–2202 and 22–2205 respectively. That being the case, the less cumbersome procedure of amending the petition would have accomplished the same purpose.

3. *But see* D.C.Code 1972 Supp., § 16–2301 (7).

4. Finn v. American Fire & Casualty Co., 207 F.2d 113, 114–115 (5th Cir. 1953).

*See also* Christensson v. Hogdal, 91 U.S. App.D.C. 251, 199 F.2d 402 (1952).

5. This rationale has special significance in juvenile court proceedings where the *parens patriae* concept obtains conferring upon the child the benefit of early guidance to correct antisocial behavior before it exposes the child to adult criminal prosecution. *See* Pee v. United States, 107 U.S.App.D.C. 47, 274 F.2d 556 (1959). *See also* S.Rep.No.620 (to accompany S. 2981), 91st Cong., 1st Sess. (1969).

Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L.Ed.2d 222 (1962). "Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion . . . ."

We therefore vacate the decision and order dismissing the petition and remand with instructions to reinstate the petition and to consider and rule on the government's motion to amend before considering further any motion to dismiss.[6]  With this disposition, we do not reach the issue decided below and briefed here.  The order dismissing the petition is vacated and the cause is remanded for further proceedings not inconsistent herewith.

So ordered.

---

**6.** *See* District of Columbia v. Van Nuys, *supra.*