## UNITED STEELWORKERS OF AMERICA, AFL–CIO, a voluntary unincorporated labor organization and Charles H. Blackard, Plaintiffs,

### v.

## MESKER BROTHERS INDUSTRIES, INC., a corporation, and Aetna Life Insurance Company, Defendants.

### No. 70 C 655(4).

United States District Court, E. D. Missouri, E. D.

April 14, 1971.

Levin & Weinhaus, St. Louis, Mo., for plaintiffs.

Heege & Heege, Clayton, Mo., for defendants.

### MEMORANDUM

WANGELIN, District Judge.

This matter is before the Court on defendants' separate motions to dismiss for lack of jurisdiction over the subject matter. Counsel for the parties appeared and were heard on the motions. Briefs in support and in opposition have been submitted.

Plaintiffs are United Steelworkers of America, AFL-CIO, (hereinafter referred to as "Union") the collective bargaining representative of all the production and maintenance employees em-

---

ployed by Mesker Brothers Industries, Inc.; and Charles H. Blackard, an employee of Mesker Brothers Industries, Inc. and a member of plaintiff Union. Defendants are Mesker Brothers Industries, Inc. (hereinafter referred to as "Mesker"); and Aetna Life Insurance Company (hereinafter referred to as "Aetna").

Jurisdiction is asserted under Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185.

For the purposes of the pending motion there is no dispute as to the facts. The complaint alleges the following: On October 4, 1968, plaintiff Blackard sustained a severe injury to his hand while working. Representatives of Mesker advised Blackard that amputation at the wrist was called for and that Mesker would pay for the amputation. Blackard refused to have the hand amputated.

At the time of the injury, there was in effect a collective bargaining agreement between Mesker and the plaintiff Union which provided that Mesker would maintain an insurance policy written by a reliable insurance company providing the coverage listed in an attached Schedule of Benefits. Article IX of the collective bargaining agreement expressly stated:

> "It is understood that the Company will not operate this insurance benefit plan and that the Company's liability will be limited to obtaining and paying the premiums on the insurance policy, and that the insurance company will provide the benefits and administer the same. These benefits will be subject to such conditions and limitations as standard practice in the insurance business prescribes * * *."

The attached Schedule of Benefits provided for benefits of $1,500.00 for accidents with respect to dismemberment of one hand. Mesker did obtain and pay the premiums for a policy of insurance written by Aetna to provide insurance coverage for the Schedule of Benefits.

Plaintiff Blackard made a claim upon Aetna for payment based upon the injury to his hand, but Aetna has at all times refused to pay.

Plaintiffs seek a declaratory judgment against defendant as to the coverage of the insurance policy, and payment of $1,500.00 for dismemberment benefits, and damages for vexatious refusal to pay.

Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 provides that this Court has jurisdiction of "suits for violation of contracts between an employer and a labor organization * * *". This suit, however, is not a suit for violation of a contract between an employer and a labor organization.

The collective bargaining agreement between Mesker and the plaintiff Union states clearly that Mesker is obligated only for obtaining and paying the premiums for an insurance policy providing coverage for the Schedule of Benefits. The complaint itself indicates that Mesker has complied with the collective bargaining agreement. Paragraph 9 of the complaint is as follows:

> "9. That in carrying out its collective bargaining obligations pursuant to the terms of the written collective bargaining agreement, which terms had been in effect for many years prior thereto as it relates to the subject matter of this suit, defendant employer obtained insurance coverage for such plan from the defendant insurance company, which has regularly attempted to provide insurance coverage for the Schedule of Benefits agreed upon in and incorporated by reference in the collective bargaining agreement.".

The sole issue in this suit is whether the injury sustained by Blackard is one covered by the insurance policy written by Aetna. This is a suit for the recovery of a money judgment on an insurance contract, and as such, is not within the jurisdiction of this Court. Defendants' motions to dismiss will be granted.