**AIR LINE PILOTS ASSOCIATION INTERNATIONAL, an unincorporated association, Plaintiff-Appellee,**

v.

**CAPITOL INTERNATIONAL AIRWAYS, INC., a corporation, Defendant-Appellant,**

**No. 72–1017.**

United States Court of Appeals, Sixth Circuit.
May 11, 1972.

Wilson Sims, Nashville, Tenn., for defendant-appellant.

Cecil D. Branstetter, Nashville, Tenn., and Stephen B. Moldof, New York City, for plaintiff-appellee; Cohen, Weiss & Simon, New York City, Branstetter, Moody & Kilgore, Nashville, Tenn., on brief.

Before PECK, MILLER and KENT, Circuit Judges.

PER CURIAM.

This is an appeal by Capitol International Airways, Inc. (Capitol) from a decision of the District Court granting a summary judgment to enforce a decision of the arbitrator under a collective bargaining agreement. The facts are not complicated.

Paul J. Spivack was an employee of the defendant from 1966 until his discharge in 1969. Pursuant to the collective bargaining agreement he applied, and was accepted for training as a co-pilot on the company's DC–8 airplanes (a large jet airliner). For various reasons he was not permitted to complete this training while other employees of the defendant with less seniority did complete the training. On December 23, 1968 Spivack filed a grievance through the Air Line Pilots Association International (Association) pursuant to a collective bargaining agreement between Capitol and the Association. At the time he filed the grievance Spivack was on "furlough" because of the regular winter decline in the business of Capitol, a supplemental carrier. The grievance related to Capitol's use of personnel junior to Spivack in seniority, contrary to the collective bargaining agreement. After the filing of the grievance, and on January 2, 1969, Spivack's furlough was cancelled and he was ordered to report to Frankfort, Germany. He refused to report and his employment was terminated on February 13, 1969.

Spivack filed a second grievance protesting the discharge. The grievances were submitted to the System Board of Adjustment, pursuant to the collective bargaining agreement, which Board was unable to resolve the disputes. Thereafter, in accordance with the collective bargaining agreement the dispute was submitted to arbitration. The arbitrator found in favor of Spivack and ordered him reinstated with full seniority. Capitol refused to reinstate Spivack and this action was instituted in the District Court for specific performance of the arbitration award.

The arbitrator found that there was a conflict between the provisions of Sections 24(c) and 24(e) of the Collective Bargaining Agreement, which provide as follows:

"(c) The right of preference to reemployment shall expire at the end

of three (3) years from the date of last furlough.

\* \* \* \* \* \*

"(e) A furloughed pilot shall not be entitled to recall and reinstatement preference if he does not return to the service of the Company within two (2) weeks after notice to do so has been sent by registered mail or telegram to the last address filed with the Company."

The trial court, while stating a disagreement with the arbitrator's interpretation of the contract, recognized that under Provision (e) of the Supplemental Agreement between the parties:

"(e) The Board shall have jurisdiction over disputes between any employee covered by the Pilots' Agreement and the Company, growing out of grievances or out of interpretation or application of any of the terms of the Pilots' Agreement. . . ."

the interpretation of the agreement was for the arbitrator and that the arbitrator's decision was binding upon the parties as provided in Provision (1) of the Supplemental Agreement:

"Decisions of the Board in all cases properly referrable to it shall be final and binding upon the parties thereto."

Since the Steelworkers trilogy, United Steelworkers v. American Mfg. Co., 363 U.S. 565, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1959); United Steelworkers v. Warrior & Gulf Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1959); United Steelworkers v. Enterprise Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1959), the Courts of the United States have recognized that in labor arbitration cases there is no authority to substitute their interpretations of contractual provisions for interpretations rendered by arbitrators, where the authority to interpret has been granted to arbitrators. See International Association of Machinists, AFL–CIO v. Central Airlines, 372 U.S. 682, 83 S.Ct. 956, 10 L.Ed.2d 67 (1962). As stated in the *Enterprise* decision at 363 U.S. 599, 80 S.Ct. at 1362:

"It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his."

We cannot say that the arbitrator's decision is so contrary to the agreement that it does not "draw its essence from the . . . agreement", nor can we say that there is a complete lack of ambiguity between Sections 24(c) and 24(e) of the Collective Bargaining Agreement.

For the reasons herein stated and for the reasons stated by District Judge L. Clure Morton, 343 F.Supp. 923, the judgment of the District Court is affirmed.