363 F.Supp. 840 (1973)
UNITED STEELWORKERS OF AMERICA, AFL-CIO-CLC, a voluntary unincorporated labor organization, Plaintiff,
v.
GENERAL STEEL INDUSTRIES, INC., a corporation,
and
The Equitable Life Assurance Society of the United States, Defendants.
No. 73 C 103(1).
United States District Court, E. D. Missouri, E. D.
August 30, 1973.
Levin & Weinhaus, St. Louis, Mo., for plaintiff.
John M. Goodwin, Hocker, Goodwin, Koenig, Gibbons & Fehlig, St. Louis, Mo., for Equitable Life.
J. Terrell Vaughan, John P. Emde, and Fred Leicht, Jr., St. Louis, Mo., for General Steel Industries, Inc.

MEMORANDUM
MEREDITH, Chief Judge.
This matter was submitted to the Court on a stipulation, affidavits, and briefs. The plaintiff is a labor union, representing employees under a collective bargaining agreement. Defendant General Steel Industries, Inc., is an employer engaged in commerce and whose activities affect commerce. The defendant The Equitable Life Assurance Society of the United States is an insurance company which issued policies of insurance at the request of General Steel Industries, Inc., covering certain employees of General Steel Industries, Inc. This Court has jurisdiction over the controversy between the plaintiff and the defendant General Steel Industries, Inc., by virtue of section 301 of the Labor Management Relations Act of 1947 (29 U.S.C. § 185).
The plaintiff asserts jurisdiction against defendant The Equitable Life Assurance Society of the United States by virtue of the collective bargaining agreement and pendent jurisdiction of this Court. The defendant The Equitable Life Assurance Society of the United States has filed a motion to dismiss which will be granted.
*841 Plaintiff and the employer entered into a collective bargaining agreement which was in full force and effect at a time when the defendant employer closed its plant on or about December 28, 1972, and laid off a number of employees. On January 4, 1973, the plaintiff union filed a grievance. Thereafter, the defendant General Steel Industries, Inc., agreed to waive preliminary steps and submit the matters to arbitration. The plaintiff union and the defendant General Steel Industries, Inc., were unable to fashion the matters to be arbitrated and the union insists that arbitration should cover not only the collective bargaining agreement, but also the insurance plan, the pension plan, and the supplemental unemployment benefit plan. Defendant contends these plans are not subject to arbitration.
The collective bargaining agreement contains the following language in Article V:
"The parties to this Agreement recognize their responsibility to make every effort to resolve any differences that may arise as expeditiously as possible. However, the following procedure in this Article is available to the Union and the Company for the presentation and settlement of grievances arising under the terms of this Agreement.
"Should any dispute or difference arise between the Company and the Union or its members employed by the Company as to the meaning, application, or operation of any provisions of this Agreement, or should trouble of any kind arise, there shall be no suspension or slowdown of work, or lockout, but such dispute or difference shall be settled in the following manner:
. . . . . .
"5. A grievance not satisfactorily resolved at Step 3 shall, on the written demand of the representative of the International Union given within thirty (30) days of such conference, be submitted to an impartial Arbitrator selected by mutual agreement of the Company and the International Union. In the event the parties are unable to agree upon an impartial Arbitrator within five (5) days of their effort to do so, then a joint written request will be submitted to the Federal Mediation and Conciliation Service to furnish a list of five (5) qualified arbitrators. The parties by alternately striking names shall select the impartial Arbitrator to hear the grievance. The decision of the Arbitrator will be final and binding on both parties. All expenses (including compensation) of the Arbitrator will be borne equally by the parties. An Arbitrator to whom any grievance shall be submitted in accordance with the provisions of this Section shall, insofar as shall be necessary to the determination of such grievance, have authority to interpret and apply the provisions of this Agreement, but shall not have authority to alter in any way the terms and conditions of this Agreement. Only questions as to interpretation or application of or compliance with the provisions of this Agreement may be submitted to an Arbitrator."
The only language contained in the collective bargaining agreement concerning the insurance plan, the pension plan, and the unemployment benefit plan is contained in Articles VIII, IX, and X. These Articles read as follows:
"ARTICLE VIII
INSURANCE PLAN
The Company agrees that the Insurance Plan, as amended April 29, 1972, which is covered by a separate Agreement, shall be continued in effect until May 31, 1975.
ARTICLE IX
PENSION PLAN
The Company agrees that the Pension Plan, as amended April 29, 1972, which is covered by a separate Agreement, shall be continued in effect until May 31, 1975.

*842 ARTICLE X
SUPPLEMENTAL UNEMPLOYMENT BENEFITS
The Company agrees that the Supplemental Unemployment Benefit Plan, as amended April 29, 1972, which is covered by a separate Agreement, shall be continued in effect until April 30 1976, subject, however, to any changes that may be negotiated upon the expiration of this Labor Agreement."
It is established beyond question that collective bargaining agreement determines whether or not questions shall be submitted to arbitration. Doubt as to the arbitration of matters should be resolved in favor of arbitration. United Steelworkers v. American Manufacturing Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L. Ed.2d 1403 (1960); United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); United Steelworkers v. Enterprise Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). The Court in Air Line Pilots Ass'n Int. v. Capitol Int. Airways, Inc., 458 F.2d 1349, at page 1351 (6th Cir. 1972), said:
". . . the Courts of the United States have recognized that in labor arbitration cases there is no authority to substitute their interpretations of contractual provisions for interpretations rendered by arbitrators, where the authority to interpret has been granted to arbitrators. . . .
`It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his.'"
The insurance company, however, is in a different position. It is not a party to the collective bargaining agreement and the interpretation of its contract is not subject to arbitration. As the Court said in United Steelworkers of Amer. v. Mesker Bros. Indus., Inc., 457 F.2d 91 at pages 94 and 95 (8th Cir., 1972):
"Aetna is not a party to the collective bargaining agreement, and its rights and obligations cannot be determined in an arbitration proceeding under the contract unless it consents to be bound thereby."
In this collective bargaining agreement, the contract specifically sets out that the insurance plan, the pension plan, and the supplemental employment benefit plan are separate agreements. Those agreements have their own terms and, as such, are not subject to the arbitration clause of the collective bargaining agreement. The arbitration clause limits the arbitration to "questions as to the interpretation or application of compliance with the provisions of this agreement."
There is nothing in the collective bargaining agreement which indicates that the separate insurance agreements should in any way be subject to the terms of the collective bargaining agreement. The defendant company has shown by affidavit that the union attempted to have the pension rights inserted in the pension plan so that it would be determined by the collective bargaining agreement. However, it is not necessary for this Court to look at the history of the collective bargaining agreement to determine or interpret the plain words of the collective bargaining agreement. In Brown v. Sterling Aluminum Products Corp., 365 F.2d 651 at 659 (8th Cir. 1966) the Court said:
"The employer has no duty to arbitrate issues that it has not agreed to arbitrate and whether arbitration is required under the collective bargaining agreement is a legal issue for the Court to decide."
This Court holds as a matter of the interpretation of the contract that the parties shall arbitrate any of their differences arising under the collective bargaining agreement. However, this shall not include rights of the individual employees under the insurance plan, the pension plan, and the supplemental unemployment benefit plan.

*843 JUDGMENT
A memorandum dated this day is hereby incorporated in and made a part of this judgment.
It Is Hereby Ordered, Adjudged, and Decreed that the motion of defendant, The Equitable Life Assurance Society of the United States, is granted and this defendant is hereby dismissed.
It Is Further Ordered that the plaintiff and defendant General Steel Industries, Inc., shall submit their differences to arbitration which arise under the collective bargaining agreement, but the differences, if any, arising under the insurance plan, the pension plan, and the supplemental unemployment benefit plan shall not be submitted.
It Is Further Ordered that in the event the parties cannot agree on the questions to be submitted to the arbitrator within thirty (30) days from this date, then both sides shall submit to the arbitrator the questions they believe should be arbitrated and the arbitrator shall frame the issues to be arbitrated. However, the arbitrator is limited to questions arising under the application or interpretation of the collective bargaining agreement.