Syble Gene SHOWS, Appellant,

v.

Thurl S. HARBER and S. O.
G., Appellees.

No. 77–1934.

United States Court of Appeals,
Eighth Circuit.

Submitted April 14, 1978.

Decided May 23, 1978.

E. W. Brockman, Jr., Brockman, Brockman & Gunti, Pine Bluff, Ark., argued and on brief, for appellant.

Stephen A. Matthews, Pine Bluff, Ark., argued and on brief, for appellee, S. O. G.

Ralph R. Wilson, Laser, Sharp, Haley, Young & Huckabay, P. A., Little Rock, Ark., argued and on brief, for appellee, Thurl S. Harber.

Before BRIGHT and ROSS, Circuit Judges, and MEREDITH,* Chief Judge.

PER CURIAM.

This matter is before the Court on the appeal of plaintiff below, Syble Gene Shows, a citizen of Arkansas, widow and administratrix of the estate of Marby Shows, Jr., deceased, from an order by the United States District Court for the Eastern District of Arkansas, dismissing her action in response to the motions for summa-

* The Honorable JAMES H. MEREDITH, Chief Judge, United States District Court for the    Eastern District of Missouri, sitting by designation.

ry judgment of appellees Thurl S. Harber and S. O. G. and the separate motion to dismiss of S. O. G. For the reasons stated below, we are affirming in part and reversing in part, and remanding to the District Court for action consistent with this opinion.

In appellant's complaint and amended complaints below, which alleged both statutory and common law claims, jurisdiction was predicated on the Jones Act, 46 U.S.C. § 688, and the Admiralty and Maritime jurisdiction of the federal courts, pursuant to U.S.Const., Art. III, § 2. The Court below held that the complaints and amended complaints did not allege a cause of action over which the court had either Jones Act or Admiralty and Maritime jurisdiction, and dismissed the case in its entirety against both appellees.

The complaint alleged generally negligence on the part of S. O. G., the general contractor, and did state that S. O. G. consisted of a joint venture of the San Ore Construction Company, a partnership, and Gardner Engineering Corporation, a nonresident corporation authorized and doing business in the State of Arkansas. The complaint did not specifically state that S. O. G., as a joint venture, resided outside the State of Arkansas, but the nonresidency of the joint venture is not in dispute. Appellant sought to amend her complaint by making clear that she was asserting her negligence action solely against S. O. G. as a single defendant (dropping Thurl S. Harber, an Arkansas resident, as defendant) and thus clearly invoke federal diversity jurisdiction under 28 U.S.C. § 1332. The trial court denied appellant's counsel leave to so amend the complaint.

On July 25, 1974, Marby Shows, Jr., foreman of a crew employed by Thurl S. Harber, a subcontractor, was standing on a scaffold, painting a bridge being constructed across the Arkansas River, when a portion of the scaffold broke and he fell into the river below. He landed in the water and called for help, but drowned before he could be rescued.

The issues on appeal are: whether the district court erred in dismissing the action for lack of Jones Act or Admiralty and Maritime jurisdiction, or erred in failing to allow appellant the opportunity to amend her complaint by dropping Harber so as to allege diversity of citizenship jurisdiction over her negligence claim against S. O. G.

The Jones Act, 46 U.S.C. § 688, allows an action for personal injury or wrongful death against the employer of a seaman. In order to merit recovery under this Act, a claim must show a sufficient maritime nexus, and that the accident involved a vessel in navigation to which the deceased was more or less permanently attached as a crew member. In this case, the facts as alleged do not support a finding of a sufficient maritime nexus, no vessel was actually involved in the accident, and Shows was a painter, and not a seaman within the meaning of the Act. *Slatton v. Martin K. Eby Construction Co., Inc.*, 506 F.2d 505 (8th Cir. 1974), cert. denied, 421 U.S. 931, 95 S.Ct. 1657, 44 L.Ed.2d 88 (1975); *Griffith v. Wheeling Pittsburgh Steel Corp.*, 521 F.2d 31 (3d Cir. 1975), cert. denied, 423 U.S. 1054, 96 S.Ct. 785, 46 L.Ed.2d 643 (1976); *Whittington v. Sewer Construction Co., Inc.*, 541 F.2d 427 (4th Cir. 1976). Therefore, dismissal of the statutory claim for lack of jurisdiction under the Jones Act was proper.

As Admiralty and Maritime jurisdiction also require a nexus with traditional maritime activities, which is lacking here, the dismissal for lack of jurisdiction of that portion of plaintiff's common law claim was proper. *Executive Jet Aviation, Inc. v. Cleveland*, 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972); *Rodrique v. Aetna Casualty Co.*, 395 U.S. 352, 89 S.Ct. 1835, 23 L.Ed.2d 360 (1969); Gilmore and Black, *The Law of Admiralty*, 2nd Ed., § 1–10, at 28 (1975).

There remains the question whether plaintiff should have been allowed to amend her complaint by deleting Harber, the Arkansas defendant, so that she could pursue her common law negligence theory, with diversity jurisdiction, against the re-

maining non-Arkansas citizen. Although the requisite jurisdictional amount was pleaded, diversity was lacking, as plaintiff and Harber, one of the defendants, are both from Arkansas. Plaintiff had already amended her pleadings once, as is allowed as a matter of course under Fed.R.Civ.Proc. 15(a), before a responsive pleading is served. This rule provides also that "[o]therwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

Although refusal to permit amendment is subject to review on appeal only where there has been an abuse of discretion, the standard is that amendments are to be freely granted, *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), and the trend is to allow amendments dropping parties. 3 Moore, *Federal Practice*, ¶ 15.08[5] (2nd ed. 1974). The guiding principle is that "leave should be freely granted to cure the failure to allege jurisdiction properly." Moore, ¶ 15.09. The leading case, *International Ladies' Garment Workers' Union v. Donnelly Garment Co.*, 121 F.2d 561 (8th Cir. 1941), turns on similar facts. That case was brought in federal court alleging federal question jurisdiction, but the federal statute was held not to apply. The appellate court, noting that all defendants had notice of the suit from the beginning, and that allowing amendment of the pleadings would not prejudice any party, remanded the case to permit plaintiffs to apply to the district court for leave to amend by dismissing the resident defendants, and reasserting jurisdiction based on diversity of citizenship.

In *United Steelworkers of America v. Mesker Bros. Industries, Inc.*, 457 F.2d 91 (8th Cir. 1972), the Eighth Circuit reversed a dismissal, and remanded, listing the following reasons for allowing the plaintiff to amend its complaint to properly assert jurisdiction:

(1) Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend should be freely granted when necessary to establish jurisdiction.

(2) The trial judge did not state any reasons for denying leave to amend.

(3) The defendants do not allege any prejudice which would result from the granting of leave.

(4) The motion to amend was made immediately following the granting of the motion to dismiss and before entry of judgment.

(5) The motion to amend was not futile.

The same considerations require that leave to amend be granted in the case now before the Court.

This cause is remanded to the district court with directions to permit the plaintiff to amend her complaint to allege the essentials of diversity of citizenship necessary to invoke federal jurisdiction under 28 U.S.C. § 1332.