Luther E. **OLIVER**; Mary E. Oliver, Appellants,

v.

**RESOLUTION TRUST CORPORATION, Receiver of Sooner Federal Savings & Loan; Tandem Financial Corporation, Appellees.**

No. 90–2873.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1991.

Decided Jan. 30, 1992.

Thomas Blumenthal, St. Louis, Mo., argued (Gerald Rimmel and David Dempsey, on the brief), for appellants.

W. Dennis Cross, Kansas City, Mo., argued (James Mordy and R. Christopher Abele on the brief), for appellees.

Before FAGG, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

FAGG, Circuit Judge.

Luther E. Oliver and Mary E. Oliver appeal the district court's dismissal of their claims against the Resolution Trust Corporation (RTC) and Tandem Financial Corporation (Tandem) in this diversity action. We affirm.

The district court's opinion explains the underlying circumstances of this case in detail. *See Oliver v. Resolution Trust Corp.*, 747 F.Supp. 1351 (E.D.Mo.1990). We thus recite only those facts necessary for our decision. The Olivers entered into two financial agreements with Sooner Federal Savings and Loan Association (Sooner) and Sooner's wholly-owned subsidiary, Tandem. In the first agreement, the Olivers gave Sooner a mortgage on their home to secure the refinancing of loans Sooner had made to several limited partnerships in which Luther Oliver was a general partner. In the second agreement, the Olivers guaranteed loans Tandem made to two corporations Luther Oliver owned as sole shareholder. Based on these agreements, Sooner threatened to foreclose on the Olivers' home and Tandem sought repayment of the funds Tandem had advanced. The Olivers brought this action against Sooner and Tandem contending both financial agreements were accompanied by separate side agreements protecting the Olivers from

personal liability and guaranteeing Sooner would not foreclose on the Olivers' home. After Sooner fell into financial difficulties, the RTC was appointed receiver for Sooner and was substituted as a party in this action. On the RTC and Tandem's motion, the district court dismissed this action, holding *D'Oench, Duhme & Co. v. FDIC,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), and its statutory counterpart, 12 U.S.C. § 1823(e), preclude oral side agreements from serving as the basis for the Olivers' claims.

■ The Olivers contend the district court erroneously dismissed their claims with prejudice and without giving them an opportunity to amend their complaint. As a threshold matter, the Olivers did not move to amend their complaint in the district court or submit a proposed amendment. *See* Fed.R.Civ.P. 15(a). Thus, the district court did not abuse its discretion in failing to grant leave to amend. *See Clayton v. White Hall Sch. Dist.,* 778 F.2d 457, 460 (8th Cir.1985). This leaves us with the question whether the district court properly dismissed the Olivers' complaint with prejudice for failure to state a claim.

■ Essentially, the Olivers contend the general nature of their complaint sufficiently states a claim to avoid dismissal, and the district court mistakenly assumed the side agreements were oral rather than written. We disagree. The Olivers' complaint does not assert either specific oral or written side agreements. "Instead, the complaint contains numerous references to misrepresentations, repeated promises[,] and assurances—terms not generally associated with writings." *Oliver,* 747 F.Supp. at 1353. As the district court correctly noted, the statutory codification of the *D'Oench* doctrine expressly states that side agreements like those the Olivers assert must be in writing to be valid against the RTC. *See* 12 U.S.C. § 1823(e)(1). Had the Olivers signed a written agreement with Sooner or Tandem, the Olivers "would obviously be aware of the fact and [would be] capable of alleging it specifically." *Oliver,* 747 F.Supp. at 1353; *see also Scheid v. Fanny Farmer Candy Shops, Inc.,* 859

F.2d 434, 437 (6th Cir.1988) (" 'when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist' ") (quoted case omitted).

The Olivers, however, did not assert in the district court and do not assert on appeal that written agreements complying with section 1823(e) exist. Rather, the Olivers speculate there may be "written memoranda in Sooner's files memorializing the side agreements alleged by [the Olivers]." Appellant's Brief at 15. Nevertheless, under section 1823(e) the documentation the Olivers seek to discover would not support the Olivers' claims. *See* 12 U.S.C. § 1823(e)(2) (written agreement must be signed by person claiming adverse interest under it). Because it is apparent from the Olivers' complaint and arguments before the district court and this court that the Olivers cannot allege facts to support their claims, the district court did not abuse its discretion in dismissing the Olivers' complaint with prejudice.

■ The Olivers next contend that even if the district court properly dismissed the Olivers' claims against the RTC, the *D'Oench* doctrine does not preclude the Olivers' claims against Tandem. The Olivers argue the *D'Oench* doctrine's policy of protecting the RTC against unrecorded side agreements made by Sooner does not extend to agreements entered by Sooner's wholly-owned subsidiary, Tandem. This contention is without merit. The *D'Oench* doctrine extends broadly to cover any secret agreement adversely affecting the value of a financial interest that has come within the RTC's control as receiver of a failed financial institution. *See Victor Hotel Corp. v. FCA Mortgage Corp.,* 928 F.2d 1077, 1083 (11th Cir.1991); 12 U.S.C. § 1823(e) (no agreement tending to diminish or defeat the RTC's interest in an asset is valid against the RTC unless it meets statutory requirements). Thus, the scope of the *D'Oench* doctrine includes financial interests held by wholly-owned subsidiaries of the failed institution. *Victor Hotel,* 928 F.2d at 1083; *see also Astrup v. Midwest Fed. Sav. Bank,* 886 F.2d 1057, 1059 (8th

Cir.1989) (affirming dismissal of action against failed financial institution's wholly-owned subsidiary based in part on *D'Oench* doctrine). We conclude the district court properly dismissed the Olivers' claims against Tandem.

█ Finally, the Olivers contend the *D'Oench* doctrine does not preclude their claim for breach of fiduciary duty because it is a tort claim rather than a contract claim. We agree with the district court that to the extent the Olivers' breach of fiduciary duty claim is based on the asserted side agreements, the claim is barred by the *D'Oench* doctrine. *See Timberland Design Inc. v. First Serv. Bank for Savings,* 932 F.2d 46, 50 (1st Cir.1991) ("*D'Oench* applies with equal force to tort claims arising out of secret agreements"); *see also Reding v. FDIC,* 942 F.2d 1254, 1259 (8th Cir.1991) ("[t]here is strong authority supporting the ... use of both section 1823(e) and *D'Oench* as defenses ... [to] affirmative state law claims ... arising from [secret] agreements"). We likewise agree with the district court that to the extent the Olivers' breach of fiduciary duty claim is not based on the side agreements, the Olivers have failed to state a claim on which relief can be granted. *See Oliver,* 747 F.Supp. at 1355–56. The factual assertions contained in the Olivers' complaint "do not support a finding of a fiduciary relationship between the parties." *Id.* The complaint also fails to assert any facts supporting the Olivers' assertion that Sooner and Tandem were engaged in a joint venture with the Olivers. The district court thus properly dismissed the Olivers' breach of fiduciary duty claim.

Accordingly, we affirm the district court's opinion and order dismissing with prejudice the Olivers' complaint against the RTC and Tandem.