**RESOLUTION TRUST CORPORATION, as Receiver for Community Federal Savings & Loan Association, Plaintiff,**

v.

**HUNTERS RIDGE INCOME INVESTORS, L.P., et al., Defendants.**

**No. 4:92CV00023.**

United States District Court, E.D. Missouri, E.D.

Aug. 24, 1992.

Larry D. Hale, Managing Partner, Dorothy L. White–Coleman, Partner, Peoples and Hale, St. Louis, Mo., for plaintiff.

John E. Hilton, Partner, Michael J. Parnas, Carmody and MacDonald, St. Louis, Mo., for defendants.

## MEMORANDUM OPINION

GUNN, District Judge.

This matter is before the Court on the motion of plaintiff Resolution Trust Corporation (RTC) as receiver for Community Federal Savings and Loan Association (Community) for summary judgment. RTC, as receiver for Community and the holder of guaranties which were executed by all named defendants, seeks recovery of amounts owed to Community by defendants pursuant to guaranties of all advances, debts, obligations and liabilities incurred and/or created with respect to housing refunding revenue bonds issued by the Industrial Development Authority in connection with the development of Hunters Ridge Apartments Project (Hunters Ridge). The bonds were issued in connection with refunding of bonds originally issued in 1985.

Plaintiff moves for summary judgment contending that it is a bona fide holder of guaranties executed by defendants wherein each defendant agreed to be answerable for the obligations of the borrower with respect to the bonds issued in connection with the development of Hunters Ridge and such bonds are due and payable. In support of its motion, RTC filed the affidavits of Edward Brian Partridge, Jerry Rector, William Sanford and John Breier, defendants' answers to RTC's complaint, and defendants' answers to plaintiff's request for admissions and requests for production of documents.

The record establishes the following. In December of 1988 the Industrial Development Authority of the County of St. Louis (IDA) issued its tax-exempt variable rate Housing Refunding Revenue Bonds, Series 1988C in the amount of $7,665,000.00 in connection with the development of Hunters Ridge. Hunters Ridge Income Investors, L.P. (Investors) was the developer of Hunters Ridge. Financing for Hunters Ridge was provided by the sale of the bonds and the loan of the proceeds by IDA to Investors as evidenced by a promissory note payable to IDA and dated December 15, 1988. This promissory note is secured by a first deed of trust on Hunters Ridge's real estate and improvements and a first assignment of landlord's interest in leases and rent in favor of IDA.

To induce Community to purchase the bonds, defendants J.L. Mason Realty and Investments, Inc. and The J.L. Mason Group, Inc. and four principals of the corporation executed guaranties of the obligations of Investors to Community pertaining to the bonds in December of 1988. By their terms the bonds were subject to mandatory redemption or purchase by Hunters

Ridge on June 15, 1989, but the execution of a supplemental indenture extended this date to June 15, 1990, and thereafter the execution of a second supplemental indenture extended the date to December 15, 1990. On June 11, 1990, defendants Investors, J.L. Mason Realty and Investments, Inc., The J.L. Mason Group, Inc. and four principals of the corporation signed a letter agreement in which they reaffirmed their guaranties for purposes of, and in consideration for, extending the date of redemption or purchase.

Hunters Ridge failed to fund redemption or purchase of the bonds by December 15, 1990, and subsequently the bonds were tendered to the trustee, Boatmen's National Bank, who now holds the bonds. To date, the amounts due under the terms of the promissory note and bonds remain unpaid and, despite proper demand and notice, defendants have failed and refused to pay the amounts due.

■ Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *First Sec. Sav. v. Kansas Bankers Sur. Co.*, 849 F.2d 345, 349 (8th Cir.1988). In passing on a motion for summary judgment, a court is required to view the facts and inferences that reasonably may be derived therefrom in the light most favorable to the non-moving party. *Holloway v. Lockhart*, 813 F.2d 874, 876 (8th Cir.1987). The burden of proof is on the moving party and a court should not grant a summary judgment motion unless it is convinced that there is no evidence to sustain a recovery under any circumstances. *Foster v. Johns–Manville Sales Corp.*, 787 F.2d 390, 392 (8th Cir.1986). As the Supreme Court has stated:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

■ Defendants first seek to avoid liability under the guaranties by raising the defense that the guaranties were fraudulently induced by representations made by representatives of Community. Defendants claim to have relied upon certain oral representations concerning their guaranties being substantially reduced and ultimately released when Hunters Ridge reached designated occupancy levels. Defendants have not produced any documents in support of their contention that the guaranties would be released on such conditions. In any event, such position is unavailing. RTC is immune from defenses of this nature under the *D'Oench, Duhme* doctrine and 12 U.S.C. § 1823(e).

In *D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), the Supreme Court held that unrecorded, or secret, agreements between the bank and the maker of a promissory note could not be used as a defense to collection of the note by the FDIC, because the FDIC is entitled to rely on the bank's books and records when it sues to recover on an outstanding debt. Plaintiff in *D'Oench, Duhme* was precluded from arguing that the bank had promised that the note would not be called for payment where that condition was not set forth in the agreement. The *D'Oench, Duhme* doctrine precludes reliance on the alleged oral promise as the basis of an affirmative defense. *See Oliver v. Resolution Trust Corp.*, 955 F.2d 583, 585 (8th Cir.1992). As long as the note is facially unqualified, any unwritten conditions upon its repayment are irrelevant. *Langley v. FDIC*, 484 U.S. 86, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987). The *D'Oench, Duhme* doctrine has been extended to protect the RTC. *See, e.g., Adams v. Madison Realty & Dev., Inc.*, 937 F.2d 845, 852 (3d Cir.1991).

Title 12 U.S.C. § 1823(e), as amended by the Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIR-

REA), Pub.L. No. 101–73, 103 Stat. 183, essentially codifies the *D'Oench, Duhme* doctrine, and both are generally construed in tandem even though both remain separate and independent grounds for decision. *Reding v. FDIC*, 942 F.2d 1254, 1259 (8th Cir.1991). Section 1823(e) forbids the use of secret agreements relating to assets acquired by the FDIC unless the following conditions are met: the agreement must be in writing; must have been executed contemporaneously with the acquisition of the asset by the failed bank; must have been approved by the board of the directors of the failed bank; and must be an official record of the failed bank. Unless a debtor can show that its agreement with a bank meets the statutory requirements delineated in 12 U.S.C. § 1823(e), the FDIC can enforce bank obligations according to the bank's records' terms. Title 12 U.S.C. § 1441a(b)(1)(A) provides that when RTC is acting as a receiver of an insured depository institution, RTC is deemed to be an agency of the United States to the same extent as the Federal Deposit Insurance Corporation. The Court will construe both the common-law and statutory doctrine in tandem because there is no difference between the two versions for purposes of the issue presented in this case.

Upon review of the record, the Court concludes that RTC is entitled to summary judgment on its claim on the guaranties. The Court finds that the alleged oral agreement between defendants and Community does not plainly appear on the face of an obligation or in Community's official records and, therefore, is not enforceable against RTC. Accordingly, the Court holds that § 1823(e) and the common-law doctrine of *D'Oench, Duhme* bar defendants from raising any aspect of their alleged oral agreement made by Community representatives as a defense to RTC's claims on the guaranties.

Defendants next seek to avoid liability by contending that the applicability of the *D'Oench, Duhme* doctrine and 12 U.S.C. § 1823(e) is based upon the existence of an asset which would somehow be impaired by the defenses raised by defendants. Defendants argue that a material fact exists un-

less the guaranty instruments in this case can be located in an active file of Community at the time RTC was appointed receiver. *Federal Deposit Ins. Corp. v. Venture Contractors, Inc.*, 825 F.2d 143 (7th Cir. 1987). The Court notes that defendants have not submitted any proof that the guaranties were not in the active file of Community at the time RTC was appointed receiver.

As concluded by the Seventh Circuit, this Court finds that "the more reasonable inference is that the Guaranty instruments were located within the active files of the bank". *Id.* at 145. Moreover, this Court finds that it is highly unlikely that RTC would go rummaging through Community's closed or inactive files or that RTC has a practice of removing "written instruments from files which were closed or inactive". *Id.* Plaintiff has also filed the affidavit of John Breier in which he asserts that "it has never been the RTC's practice to remove documents or written instruments from files which were closed or inactive files. No such removal occurred while I worked for the RTC on the Community Federal Receivership with respect to the files relating to the Bonds and the Guaranties."

The terms of the guaranties provide that defendants shall pay all costs and expenses of collection including attorneys' fees and costs.

## ORDER AND JUDGMENT

Pursuant to the memorandum filed on this date herein,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that plaintiff's motion for summary judgment shall be and it is granted.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff shall recover of defendant the sum of $9,033,429.55, as calculated by crediting the amount collected by the State Court Receiver, $374,164.69, against the amount owing to plaintiff, $9,407,594.24, as of the date of entry of judgment.

IT IS FURTHER ORDERED that plaintiff's request to submit its affidavit in support of attorneys' fees and costs within twenty (20) days after entry of the judgment shall be and it is granted.

IT IS FURTHER ORDERED that plaintiff shall submit to the Court its affidavit in support of attorneys' fees and costs no later than September 14, 1992.

IT IS FURTHER ORDERED that plaintiff's motion to quash and/or strike defendants' notice of deposition and motion for protective order shall be and they are denied as moot.