45 F.3d 433
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Dr. James Sheridan LEWIS; James Sheridan Lewis, Jr. Appellants,
v.
UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellee.
 No. 94-2284.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Oct. 7, 1994.
Filed: Dec. 29, 1994.
 
 Before MAGILL, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 James Sheridan Lewis and his son, James Sheridan Lewis, Jr. (the Lewises), appeal from the district court's[1] order dismissing their complaint for lack of subject matter jurisdiction and denying their motion to amend. We affirm.
 
 
 2
 Claiming jurisdiction based on diversity of citizenship, the Lewises initiated this action to recover uninsured motorist benefits from their insurer, United Services Automobile Association (USAA), which is a reciprocal inter-insurance exchange, organized as an unincorporated association under Texas state law. In response to USAA's motion to dismiss for lack of subject matter jurisdiction, the Lewises sought leave to file an amended complaint against only those USAA members of diverse citizenship, and for the action to proceed as a class action under Federal Rule of Civil Procedure 23.2.
 
 
 3
 Having carefully reviewed the record, we conclude the district court correctly determined that the Lewises failed to show complete diversity with USAA, which, as an unincorporated association, is a citizen of the states of each of its members. See United Steelworkers v. R.H. Bouligny, Inc., 382 U.S. 145, 150-51 (1965). The district court did not abuse its discretion in concluding that the proposed Rule 23.2 class action, a contrivance intended to evade statutory limits on the court's diversity jurisdiction, was inappropriate. See Oliver v. Resolution Trust Corp., 955 F.2d 583, 585 (8th Cir. 1992) (standard of review); Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th cir. 1987) (no amendment if futile) . We thus affirm the district court.
 
 
 4
 MORRIS SHEPPARD ARNOLD, Circuit Judge, dissenting.
 
 
 5
 While I agree that the Lewises failed to show complete diversity with USAA, I believe that the district court abused its discretion by denying the Lewises leave to amend their complaint without first determining whether amendment would be futile under the Federal Rules of Civil Procedure. See Oliver v. Resolution Trust Corp., 955 F.2d 583, 585 (8th Cir. 1992) (standard of review); United Steelworkers v. Mesker Bros. Indus., Inc., 457 F.2d 91, 93 (8th Cir. 1972) (under Fed. R. Civ. P. 15(a), leave to amend is freely granted); Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987) (no amendment if futile).
 
 
 6
 Federal Rule of Civil Procedure 21 provides: "Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped ... by order of the court on motion of any party ... at any stage of the action...." Rule 19(b) sets forth the analysis a court must undertake to ascertain whether a party is indispensable and thus, in whose absence the action should be dismissed. Rule 19(b) is meant to be read in conjunction with rule 19(a), which addresses the joinder of necessary parties, in the event that retention of a party under 19(a) would otherwise destroy subject matter jurisdiction. See Rochester Methodist Hosp. v. Travelers Ins. Co., 728 F.2d 1006, 1016-17 (8th Cir. 1984). In my view, the district court should have considered whether, under these rules, the Lewises' proposed amendment could cure the jurisdictional defect. See Fetzer v. Cities Serv. Oil Co., 572 F.2d 1250, 1253 n.4 (8th Cir. 1978); Jaser v. New York Property Ins. Underwriting Ass'n, 815 F.2d 240, 243 (2d Cir. 1987). Cf. Buckley v. Control Data Corp., 923 F.2d 96, 97-98 (8th Cir. 1991) (limited partnership was indispensable party, so could not be dropped to cure jurisdictional defect). I would therefore vacate the judgment of the district court and remand for further proceedings.
 
 
 
 [1]
 The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri